1  Kathleen C. Jeffries (State Bar #110362)
   SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2  2 North Lake Avenue, Suite 460
   Pasadena, California 91101
3  Telephone: (626) 795-4700
   Facsimile:  (626) 795-4790
4  kjeffries@scopelitis.com

5  Attorneys for Defendant
   FEDEX CUSTOM CRITICAL PASSPORT AUTO TRANSPORT, INC.
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10 BRADLEY GOLDSTONE, an              )   Case No. C08-01206 JSW
   individual                        )
11                                    )   NOTICE OF MOTION AND MOTION OF
                    Plaintiff,        )   DEFENDANT FEDEX CUSTOM
12                                    )   CRITICAL PASSPORT AUTO
                                      )   TRANSPORT, INC. TO DISMISS
13                                    )   COMPLAINT OR TRANSFER ACTION;
       vs.                            )   AND MEMORANDUM OF POINTS AND
14                                    )   AUTHORITIES AND DECLARATION IN
                                      )   SUPPORT THEREOF
15                                    )
                                      )   (Fed. R. Civ. P. Rule 12[b][6] and 28
16                                    )   U.S.C. §1404[a])
   FEDEX CUSTOM CRITICAL             )
17 PASSPORT AUTO TRANSPORT, INC.,    )   Hearing Date:  April 25, 2008
   DOES 1 through 10, inclusive,      )   Time:          9:00 a.m.
18                                    )   Place:         Courtroom 2
                    Defendants.       )
19 _____ )   Trial Date:    Not Set

20

21         TO ALL PARTIES TO THIS ACTION AND TO THEIR ATTORNEYS

22 OF RECORD:

23         NOTICE IS HEREBY GIVEN that, on April 25, 2008 at 9:00 a.m.

24 or as soon thereafter as the matter may be heard in Courtroom 2 of the above-

25 entitled Court, defendant FedEx Custom Critical Passport Auto Transport, Inc.

26

27                                    1

28 _____
   MOTION OF DEFENDANT FEDEX CUSTOM CRITICAL PASSPORT AUTO TRANSPORT, INC.
                TO DISMISS COMPLAINT OR TRANSFER ACTION

1  ("FedEx") will move this Court and does hereby move for an order that the
2  complaint of plaintiff Bradley Goldstone be dismissed in its entirety or
3  transferred to the United States District Court, District of Arizona.

4         This motion is brought pursuant to Federal Rules of Civil
5  Procedure rule 12(b)(6) and 28 U.S.C. §1404(a) on the ground that, with
6  another action pertaining to the same incident as that on which this action is
7  based filed before this action by the insurer for plaintiff herein and currently
8  pending in Arizona, the complaint herein fails to state a viable cause of action,
9  requiring that this action be dismissed or transferred to the District of Arizona
10 to be consolidated with the first-filed action.

11        This motion is based upon this notice and the following
12 memorandum of points and authorities and Declaration of Julie E. Maurer, all
13 matters referred to therein, and such other and further matters, oral and
14 documentary, that may be presented to the Court at or prior to the hearing on
15 this motion.

16

17       MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
18              TO DISMISS COMPLAINT OR TRANSFER ACTION

19

20 1.    Introduction

21        This action was filed by plaintiff Bradley Goldstone ("Goldstone")
22 in the San Francisco Superior Court on December 12, 2007 to recover
23 $74,999.00 for damage suffered to his car in Maricopa County, Arizona during
24 transportation by FedEx from Troy, Illinois to Marin County, California in

25

26

27                                    2

28

November 2006.  The complaint is set forth in two causes of action, general negligence and common counts.

FedEx timely removed the case to this Court on February 28, 2008 and submits this motion as its initial response to the complaint within the time limits of Federal Rules of Civil Procedure rules 81(c) and 6(a), i.e., within five court days of removal.

Five months before Goldstone filed his action, his insurer, Encompass Indemnity Company ("Encompass"), filed an action in Maricopa County, Arizona for recovery of damages arising out of the same incident. Following removal, that case is now pending in the United States District Court, District of Arizona, and designated therein as *Encompass Indemnity Company v. FedEx Custom Critical Passport Auto Transport, Inc.*, Case No. CV07-01556-HRH.

Through this motion, FedEx seeks dismissal or transfer of the action pending in this Court so that all issues pertaining to the same set of facts are determined in a single action for the sake of judicial economy and avoiding the improper splitting of causes of action by the insurer and insured.

2.    <u>Issues Presented</u>

a.  Whether the filing of two separate actions by Encompass, the insurer, and Goldstone, the insured, against the same defendant, FedEx, for damages arising out of the same incident constitutes an impermissible splitting of causes of action; and

b.  Whether the first-to-file rule requires that this action be dismissed or transferred to the federal court in Arizona in favor of the action previously filed by Encompass.

3

3.    Argument

      a.    An Insurer and Its Insured May Not File Two Separate Actions on the Same Set of Facts

Duplicate actions by an insurer and an insured arising out of the same transaction are not permissible.

"Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost." Car Carriers, Inc. v. Ford Motor Company, 789 F.2d 589, 593 (7th. Cir. 1986).

The Court in National Union Fire Ins. Co. v. Chesapeake & O. Ry. Co., 4 F.Supp. 25, 27 (E.D. Ky. 1933), upon review of one action by the insurer to recover what it had paid for a loss and another action by the insured to recover the amount she had suffered above and beyond the insurance payment from the same event, stated that "there is but a single cause of action and but one action should be brought. No right to split the cause of action and to bring two actions . . . exists," (referring to Norwich Union Fire Ins. Soc. v. Standard Oil Co., 59 F. 984 [8th Cir. 1894], as the leading federal authority on the subject). "That this procedure was illegal is well settled." National Union at 27.

      "When, as often happens, the insured is only partially compensated by the insurer for a loss . . . , operation of the subrogation doctrine 'results in two or more parties having a right of action for recovery of damages based upon the same underlying cause of action.' (Ferraro v. Southern Cal. Gas Co., . . . 102 Cal. App. 3d [33 (1980)]. . ..) The insured retains the right to

MOTION OF DEFENDANT FEDEX CUSTOM CRITICAL PASSPORT AUTO TRANSPORT, INC.
TO DISMISS COMPLAINT OR TRANSFER ACTION

1    sue the responsible party for any loss not fully

2    compensated by insurance, and the insurer has the

3    right to sue the responsible party for the insurer's loss

4    in paying on the insurance policy. . ..  Although the

5    insurer may bring a separate action against the

6    tortfeasor, _the rule against splitting a cause of action  is_

7    _violated where both the insurer and insured pursue_

8    _separate actions_. . . .  This is so because the general

9    rule of subrogation provides that an insurer stands in

10   the shoes of its insured . . ..  To avoid a violation of the

11   rule against splitting a cause of action, the insured

12   and insurer '_should join in a single suit against the_

13   _tortfeasor._'"

14   Allstate Insurance Company v. Mel Rapton, Inc., 77 Cal. App. 4th 901, 908-09

15   (2000), citing Ferraro, supra, at 41 and 43 (emphasis added).

16       The Ninth Circuit adopted the rule against the splitting of causes

17   of action by an insurer and its insured in Intri-Plex Technologies, Inc. v. Crest

18   Group, 499 F.3d 1048 (9th Cir. 2007):

19       "As Ferraro and Allstate make clear, although Intri-

20       Plex [the insured] was only partially compensated for

21       its loss because its insurance policy with AMI [the

22       insurer] did not cover all of its losses, Intri-Plex should

23       have pursued its claims in a single action along with

24       AMI."

25   ///

26

27                                5

28

MOTION OF DEFENDANT FEDEX CUSTOM CRITICAL PASSPORT AUTO TRANSPORT, INC.
TO DISMISS COMPLAINT OR TRANSFER ACTION

1   499 F.3d at 1055.  Based upon this rule, the insured's later-filed action was

2   dismissed by the <u>Intri-Plex</u> court and the ruling was upheld by the appellate

3   court.

4            A similar result is appropriate here, where plaintiff Goldstone's

5   insurer, Encompass, filed an action in July 2007 to recover for damage

6   allegedly caused by FedEx in November 2006 to "a vehicle owned by Plaintiff

7   Encompass' insured, BRADLEY GOLDSTONE . . . while in transport."  (See

8   paragraph 3 of the Encompass complaint attached to the accompanying

9   Declaration of Julie E. Maurer, FedEx's counsel in Encompass' Arizona

10  action.)  The complaint further alleges that Encompass "became subrogated to

11  all rights of said insured against any person or persons responsible for said

12  loss . . .."  (Paragraph 6 of Encompass' complaint.)

13           While Goldstone may have a claim for damages above and beyond

14  those paid by his insurer (which FedEx expressly denies), the request for such

15  additional damages does not justify the filing of a separate suit relating to the

16  same incident.  To the contrary, only a single action by Encompass and

17  Goldstone is permitted under the law.

18           b.     <u>The First-to-File Rule Requires that this Action Be</u>

19                  <u>Dismissed or Transferred to Arizona for Consolidation with</u>

20                  <u>the Encompass Action</u>

21           "There is a generally recognized doctrine of federal comity which

22  permits a district court to decline jurisdiction over an action when a complaint

23  involving the same parties and issues has already been filed in another

24  district."  <u>Pacesetter Systems, Inc. v. Medtronic, Inc.</u>, 678 F.2d 93, 94-95 (9th

25  Cir. 1982).

26

27                                         6

28

1    The doctrine, known as the first-to-file rule, "gives priority, for

2   purposes of choosing among possible venues when parallel litigation has been

3   instituted in separate courts, to the party who first establishes jurisdiction."

4   Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1006 (8th

5   Cir. 1093).

6    A court in which the second suit was filed may transfer, stay or

7   dismiss that proceeding in order to allow the court in which the first action

8   was filed to decide whether to try the case.  Alltrade, Inc. v. Uniweld Products,

9   Inc., 947 F.2d 622, 625 (9th Cir. 1991).

10   Applying this concept, the court in Pacesetter Systems, Inc. v.

11  Medtronic, supra, dismissed the second action in the interest of judicial

12  economy.  In New England Machinery, Inc. v. Conagra Pet Products Company,

13  827 F.Supp. 732 (N.D. Fla. 1993), the court ordered the later-filed case

14  transferred to the district in which the earlier-filed case was pending.  In

15  Paxonet Communications, Inc. v. Transwitch Corporation, 303 F.Supp.2d

16  1027 (N.D. Cal. 2003), this Court opted instead to stay the later-filed suit

17  pending resolution of the first-filed case.  The stay option, though, as pointed

18  out by the New England Machinery court at 734:

19    "is the least effective means of ameliorating the

20    problem of identical suits in competing jurisdictions.

21    Judicial economy is an extremely important

22    consideration.  Because the instant case and the [first-

23    filed] action are likely to present the same issues,

24    evidence, and arguments, the most efficient course

25    would be for the parties to litigate all aspects of their

26

27                                      7

28

1    dispute in one forum, the [district in which the first

2    action was filed]."

3         Because two separate actions are not permitted under the

4    circumstances of this case, the stay option is not appropriate here either.

5    Dismissal or transfer of this action would be.

6    3.    Conclusion

7         In the interest of judicial economy and in recognition of the rule

8    against splitting causes of action by an insurer and its insured, defendant

9    FedEx Custom Critical Passport Auto Transport, Inc. respectfully requests

10   that this action be dismissed for further action at plaintiff Bradley Goldstone's

11   option in Arizona or transferred to the United States District Court, District of

12   Arizona, for consolidation with the Encompass action (*Encompass Indemnity*

13   *Company v. FedEx Custom Critical Passport Auto Transport, Inc.*, Case No.

14   CV07-01556-HRH).

15

16   Dated: March 6, 2008          SCOPELITIS, GARVIN, LIGHT, HANSON &
                                   FEARY, LLP
17

18
                                   By:    /S/ Kathleen C. Jeffries
19                                        Kathleen C. Jeffries
                                          Attorneys for Defendant
20                                        FEDEX CUSTOM CRITICAL
                                          PASSPORT AUTO TRANSPORT, INC.
21

22

23

24

25

26

27                                          8

28

DECLARATION OF JULIE E. MAURER IN SUPPORT OF MOTION OF
DEFENDANT FEDEX CUSTOM CRITICAL PASSPORT AUTO TRANSPORT,
INC. TO DISMISS COMPLAINT OR TRANSFER ACTION

I, Julie E. Maurer, declare that:

1.    I am an attorney licensed to practice in the State of Arizona,
and a member of the law firm of Ryley Carlock & Applewhite, attorneys of
record for FedEx Custom Critical Passport Auto Transport, Inc. ("FedEx"), the
named defendant in this action and in an action pending in the United States
District Court, District of Arizona.

2.    On July 13, 2007, Encompass Indemnity Company filed the
complaint attached hereto against Fed Ex to recover for damage allegedly
suffered to a vehicle owned by Bradley Goldstone in Maricopa County, Arizona
during transportation by FedEx in November 2006.  The action was filed in the
Maricopa County Superior Court.

3.    On behalf of FedEx, in August 2007, I removed the case on
the basis of  federal question jurisdiction to the United States District Court,
District of Arizona.  The case remains in that court and is designated therein
as Case No. CV07-01556-HRH (see the Notice of Electronic Filing also
attached hereto).

4.    The parties to the Arizona action have actively litigated the
facts on which Encompass' action is pending since August 2007 and have had
significant settlement discussions.

5.    I have reviewed the complaint in the action filed by Bradley
Goldstone in Marin County, California (now removed to this Court) and note

9

that the same occurrence is at issue in his case as is at issue in the Arizona case.

The foregoing is within my personal knowledge and if called as a witness I could and would competently testify thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 6, 2007 at Phoenix, Arizona.

Julie E. Maurer

Julie E. Maurer

10

ATTACHMENT

1 | **DAVID T. BONFIGLIO, P.C.**
4422 N. Civic Center Plaza, Ste. 101
2 | Scottsdale, AZ 85251
David T. Bonfiglio - 014964
3 | (480) 970-0974

COPY

JUL 1 3 2007

MICHAEL K. JEANES, CLERK
L. CUMMINGS
DEPUTY CLERK

4 | Attorney for Plaintiff

### IN THE MARICOPA COUNTY SUPERIOR COURT

5

### IN AND FOR THE COUNTY OF MARICOPA

6

7 | ENCOMPASS INDEMNITY COMPANY, a
New Jersey corporation,

8 |               Plaintiff,

9 | v.

10 | FEDEX CUSTOM CRITICAL PASSPORT
AUTO TRANSPORT, INC., a Delaware
11 | corporation; Black & White partnerships 1-10;
XYZ corporations 1-10 and L-N limited liability
12 | companies 1-10; John and Jane Does 1-10,

13 |               Defendants.

CV No. __CV2007-012693__

**COMPLAINT**

(Tort Motor Vehicle)

14

15 |     Plaintiff alleges:

16 |     1.     Plaintiff ENCOMPASS INDEMNITY COMPANY (hereafter "Encompass") is a New Jersey

17 | corporation authorized to do business in Maricopa County, Arizona.    Upon information and belief,

18 | Defendants FEDEX CUSTOM CRITICAL PASSPORT AUTO TRANSPORT, INC. (hereafter "FedEx")

19 | is a Delaware corporation authorized to do business in Maricopa County, Arizona. The events hereinafter

20 | set forth occurred in Maricopa County, Arizona.

21 |     2.     Defendants, Black & White partnerships 1-10, XYZ corporations 1-10, L-N limited liability

22 | companies 1-10 and John and Jane Does 1-10 are fictitious persons or entities who may have an interest

23 | herein. At such time as the true name of said defendants becomes known to plaintiff, plaintiff shall request

24 | leave of court to amend its pleading to reflect same.

25 |     3.     On or about November 8, 2006, in Maricopa County, Arizona, Defendant FedEx damaged

26 | a vehicle owned by Plaintiff Encompass' insured, BRADLEY GOLDSTONE (hereafter "Goldstone") while

27 | in transport. Further, Plaintiff Encompass' insured Goldstone's vehicle was damaged by fire while in

28 | Defendant's storage yard overnight.

1      4.      As a direct and proximate result of the Defendants' acts and omissions, and the collision and
2  damage resulting therefrom, Goldstone's vehicle suffered property damages.

3      5.      Pursuant to Encompass' insurance contract with Goldstone, Plaintiff paid to and/or on
4  Goldstone's behalf the sum of $26,715.11 for property damages, under his insurance motorist coverage.

5      6.      As a result of Encompass' payment to Goldstone for the above damages, Encompass thereby
6  became subrogated to all the rights of said insured against any person or persons responsible for said loss to
7  and including aforementioned sums.

8      7.      As a result of Defendants  unreasonable and negligent conduct, Defendants are liable to
9  Encompass in the amount of $26,715.11.

10     **WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

11     a.      For compensatory damages in the amount of $26,715.11;

12     b.      for interest on all past due amounts from the date first due to the date of judgment herein, at
13  the rate of 10% per annum;

14     c.      for Plaintiff's court costs incurred;

15     d.      for interest on the total judgment at the rate of 10% per annum, from the date of judgment until
16  paid; and,

17     e.      for such other and further relief as this Court deems just and proper.

18     **DATED** this _____ day of July, 2007.

19                        **DAVID T. BONFIGLIO, P.C.**

20

21                        BY

22                        David T. Bonfiglio
                          4422 N. Civic Center Plaza, Ste. 101
23                        Scottsdale, AZ 85251
                          Attorney for Plaintiff

24

25

26

27

28

## Dahlgren, Callie

| | |
|---|---|
| **From:** | azddb_responses@azd uscourts gov |
| **Sent:** | Tuesday, August 14, 2007 10:40 AM |
| **To:** | azddb_nefs@azd.uscourts gov |
| **Subject:** | Activity in Case 2:07-cv-01556-HRH Encompass Indemnity Company v FedEx Custom Critical Passport Auto Transport, Inc et al Notice Of Judge Assignment |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### DISTRICT OF ARIZONA

### Notice of Electronic Filing

The following transaction was entered on 8/14/2007 at 10:40 AM MST and filed on 8/13/2007

| | |
|---|---|
| **Case Name:** | Encompass Indemnity Company v. FedEx Custom Critical Passport Auto Transport, Inc. et al |
| **Case Number:** | 2:07-cv-1556 |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
This case has been assigned to the Honorable. All future pleadings or documents should bear the correct case number: CV07-01556-PHX-HRH. (entered by HIH)


**2:07-cv-1556 Notice has been electronically mailed to:**
Jeffrey R Simmons jsimmons@rcalaw.com, cdahlgren@rcalaw.com
Julie E Maurer jmaurer@rcalaw.com, gzamora@rcalaw.com
FedEx Custom Critical Passport Auto Transport, Inc. jmaurer@rcalaw.com

**2:07-cv-1556 Notice will be sent by other means to those listed below who are affected by this filing:**

David Thomas Bonfiglio
David T Bonfiglio PC
4422 N Civic Ctr Plaza
Ste 101
Scottsdale, AZ 85251

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, **Michelle Lazo**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 460, Pasadena, California 91101.

On, March 6, 2008, I served the foregoing document described as **NOTICE OF MOTION AND MOTION OF DEFENDANT FEDEX CUSTOM CRITICAL PASSPORT AUTO TRANSPORT, INC. TO DISMISS COMPLAINT OR TRANSFER ACTION; AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF** on interested parties in this action by placing a √ true copy/ the _ original thereof enclosed in a sealed envelope addressed as follows:

> Mr. Arthur Chambers
> Law Offices of Arthur Chambers
> 2095 Van Ness Avenue
> San Francisco, California 94109

√   **(BY MAIL)** I deposited such envelope in the mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.

√   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

√   **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 6, 2008, at Pasadena, California.

/S/ Michelle Lazo
Michelle Lazo

1   Kathleen C. Jeffries (State Bar #110362)
    SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2   2 North Lake Avenue, Suite 460
    Pasadena, California 91101
3   Telephone: (626) 795-4700
    Facsimile:  (626) 795-4790
4   kjeffries@scopelitis.com

5   Attorneys for Defendant
    FEDEX CUSTOM CRITICAL PASSPORT AUTO TRANSPORT, INC.
6

7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10  BRADLEY GOLDSTONE, an          )   Case No. C08-01206 JSW
    individual                     )
11                                 )   (PROPOSED) ORDER GRANTING
                                   )   MOTION OF DEFENDANT FEDEX
12            Plaintiff,           )   CUSTOM CRITICAL PASSPORT AUTO
                                   )   TRANSPORT, INC. TO DISMISS
13                                 )   COMPLAINT OR TRANSFER ACTION
        vs.                        )
14                                 )   (Fed. R. Civ. P. Rule 12[b][6] and 28
                                   )   U.S.C. §1404[a])
15                                 )
                                   )   Hearing Date:  April 25, 2008
16                                 )   Time:          9:00 a.m.
    FEDEX CUSTOM CRITICAL          )   Place:         Courtroom 2
17  PASSPORT AUTO TRANSPORT, INC., )
    DOES 1 through 10, inclusive,  )   Trial Date:    Not Set
18                                 )
              Defendants.          )
19  _____)

20

21          The Court, having considered the motion of defendant FedEx

22  Custom Critical Passport Auto Transport, Inc. ("FedEx") for an order that the

23  complaint of plaintiff Bradley Goldstone herein be dismissed in its entirety or

24  transferred to the United States District Court, District of Arizona, and good

25  cause appearing therefor,

26                                      1

27  _____

28

1           IT IS HEREBY ORDERED that [the complaint herein is dismissed

2    without prejudice] [this action shall be transferred to the United States District

3    Court, District of Arizona, to be consolidated with the action on file therein,

4    designated as *Encompass Indemnity Company v. FedEx Custom Critical*

5    *Passport Auto Transport, Inc.*, Case No. CV07-01556-HRH].

6

7    Dated: _____, 2008         _____

8                                           Judge, United States District Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                2

27

28

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4

5

I, **Michelle Lazo**, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2 North Lake Avenue, Suite 460, Pasadena, California 91101.

6

7

8

On, March 6, 2008, I served the foregoing document described as **(PROPOSED) ORDER GRANTING MOTION OF DEFENDANT FEDEX CUSTOM CRITICAL PASSPORT AUTO TRANSPORT, INC. TO DISMISS COMPLAINT OR TRANSFER ACTION** on interested parties in this action by placing a √ true copy/ the _ original thereof enclosed in a sealed envelope addressed as follows:

9

10

11

Mr. Arthur Chambers
Law Offices of Arthur Chambers
2095 Van Ness Avenue
San Francisco, California 94109

12

13

√     **(BY MAIL)**  I deposited such envelope in the mail at Pasadena, California.  The envelope was mailed with postage thereon fully prepaid.

14

15

16

17

√     I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

18

19

_     **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

20

√     **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

21

Executed on March 6, 2008, at Pasadena, California.

22

23

24

/S/ Michelle Lazo
Michelle Lazo

25

26

3

27

28