1 **ARTHUR CHAMBERS, SBN: 53282**
2095 Van Ness Avenue
2 San Francisco, CA 94109
Telephone**: 415-775-2144**
3 Facsimile: 415-775-1308

4 Attorney for Plaintiff **BRADLEY GOLDSTONE**

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10 **BRADLEY GOLDSTONE,** an individual     Case No. C08-01206-JSW

11     Plaintiff     **OPPOSITION TO MOTION TO DISMISS OR TRANSFER CASE**

12 vs.
DATE: May 16, 2008
13 **FEDEX CUSTOM CRITICAL**     TIME: 9:00 a.m.
**PASSPORT AUTO TRANSPORT, INC.**     PLACE: Courtroom 2
14 **DOES 1** through **10,** inclusive**.**     TRIAL DATE: Not set

15     **Defendants.**     Honorable Jeffrey S. White
_____/

17 INTRODUCTION

18     This case arose over the damage to a classic car. Plaintiff, Bradley Goldstone, purchased a

19 Jaguar which he intended to use as a pleasure vehicle on the weekends. He purchased the car

20 from a seller out of state, and made arrangements to have it shipped to him in California, where

21 he resides.

22     During the course of that shipment, the car suffered damage and as alleged by Mr.

23 Goldsone, that damage was due to the negligence of the agent of defendant herein.  Mr.

24 Goldstone did have insurance, and they paid the cost of repair of the vehicle, less his deductible.

25 However, Mr. Goldstone had other damages attendant to that loss.  Mr. Goldstone was unable to

26 use that vehicle for approximately one year while it was being repaired, the car lost value

27     Without notice to Mr. Goldstone, his insurance carried filed suit in State Court in

28 OPPOSITION TO MOTION TO DISMISS

1  Arizona, which was later removed by defense counsel for defendant FEDEX.  Mr. Goldstone
2  filed suit here in California in the Superior Court, in and for the County of Marin. That matter
3  was removed to District Court.
4      Defendants have moved this court for an order either dismissing this matter, or
5  transferring it to Arizona.  This is Plaintiff's opposition to that motion.

## ARGUMENT

7      Defendant, in their opposition argue the following: 1. That this suit is effectively splitting
8  a cause of action, which is barred, and 2. That because the matter in Arizona was filed first, if
9  this matter is not dismissed, then it should be transferred there. Plaintiff contends that this matter
10 should be consolidated with the Arizona matter, but should be heard here.
11     Defendant is correct that case law prevents having two suits over the same subject matter
12 jurisdiction. The case law is very clear about those issues. However, the real issue is whether the
13 matter should be transferred to Arizona, or remain here.

**1. The case should not be dismissed, it should be consolidated with the Arizona action.**

15 Defendant cites ***Intri-Plex Technologies v. The Crest Group, Inc.*** (2007) 499 F.3d 1048 for the
16 proposition that the case should be dismissed. However, in that case the first filing had been
17 resolved at the time that the second action was filed. That is not the case here, the action against
18 the defendant is still pending in Arizona, and additionally in that case, the Plaintiff, Intri-Plex
19 was aware that it's carrier had instituted suit against the defendant prior to Intri-Plex's own filing
20 (at page 1056).

**2. The case should be heard here.**

22 Defendant cites the 1st to file, citing ***Pacesetter Systems, Inc., v. Medtronic, Inc.*** (1982) 678 F.2d
23 93. However the case does not support Defendant's motion because the court said in that case at
24 page 96:
25 "However, this "first to file" rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration..."
26
27 //
28 OPPOSITION TO MOTION TO DISMISS

1    In that same case the court, citing the Supreme Court defined the dictates of sound
2    judicial administration:
3    "wise judicial administration, giving regard to conservation of judicial resources and comprehensive dispute of ligation, and that a ample degree of discretion, appropriate for
4    disciplined and experienced judges, must be left to the lower courts (citing ***Kerotest Manufacturing v. C-O-Two Fire Equipment Co.,*** 342 U.S.180.
5
6    In this matter, although the Arizona case was indeed filed first, all the witnesses (except
7    perhaps the truck driver) are in California, the vehicle is in California, where it was repaired. Plaintiff is in California, the car was repaired in California, the adjusters who evaluated the car
8    are in California.  The car is in California.   In short, for the conveniences of the witnesses this
9    matter should be litigated in California where it can be processed with the minimum of Judicial
10   expenditure.
11   Lastly, counsel for the insurance carrier, David Bonfiglio, is willing to proceed in
12   California, rather than Arizona, it is counsel for defendant in Arizona who has refused to allow
13   this matter to be litigated in California. In fact, he (Bonfiglio) has requested that counsel for
14   defendant FEDEX agree to move the matter to California, and she has declined that request.
15   It is therefore respectfully submitted that this court should consolidate the matter, and
16   continue to handle this case in California.
17   Dated:
18
19
20                    _____
                              Arthur Chambers
21
22
23
24
25
26
27
28   OPPOSITION TO MOTION TO DISMISS