1  Kathleen C. Jeffries (State Bar #110362)
   SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP
2  2 North Lake Avenue, Suite 460
   Pasadena, California 91101
3  Telephone: (626) 795-4700
   Facsimile:  (626) 795-4790
4  kjeffries@scopelitis.com

5  Attorneys for Defendant
   FEDEX CUSTOM CRITICAL PASSPORT AUTO TRANSPORT, INC.
6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10 | BRADLEY GOLDSTONE, an         )  Case No. C08-01206 JSW
   | individual                    )
11 |                               )  REPLY OF DEFENDANT FEDEX
   |         Plaintiff,            )  CUSTOM CRITICAL PASSPORT AUTO
12 |                               )  TRANSPORT, INC. TO OPPOSITION OF
   |                               )  PLAINTIFF BRADLEY GOLDSTONE TO
13 |                               )  MOTION TO DISMISS COMPLAINT OR
   |    vs.                        )  TRANSFER ACTION
14 |                               )
   |                               )  (Fed. R. Civ. P. Rule 12[b][6] and 28
15 |                               )  U.S.C. §1404[a])
   |                               )
16 |                               )  Hearing Date:  May 16, 2008
   | FEDEX CUSTOM CRITICAL         )  Time:          9:00 a.m.
17 | PASSPORT AUTO TRANSPORT, INC.,)  Place:         Courtroom 2
   | DOES 1 through 10, inclusive, )
18 |                               )  Trial Date:    Not Set
   |         Defendants.           )
19 |                               )  Honorable Jeffrey S. White

20

21        Defendant FedEx Custom Critical Passport Auto Transport, Inc.

22 ("FedEx") hereby responds to the opposition of plaintiff Bradley Goldstone

23 ("Goldstone") to FedEx's pending motion to dismiss the complaint on file

24 herein or to transfer the action to the United States District Court, District of

25 Arizona:

26                                         1

Plaintiff Goldstone acknowledges in his opposition that only one action by Goldstone and his insurer, Encompass Indemnity Company ("Encompass"), regarding the incident that occurred in Maricopa County, Arizona in November 2006 can proceed; and identifies the remaining question as where the issues should be litigated.

The answer to that question is Arizona, not California as Goldstone suggests. As stated in FedEx's moving papers, under the generally recognized first-to-file rule, priority is to be given to the action brought by Encompass in mid-July 2007, rather than to the instant action filed on behalf of Goldstone five months later.

Moreover, the convenience of all parties is not served by litigating in California, for the incident occurred in Arizona, essential witnesses reside in Arizona (see the attached Declaration of Julie E. Maurer, FedEx's attorney in the Arizona action), Encompass, the initial plaintiff, has chosen for its own reasons to continue litigating its action in Arizona (see paragraph 6 of the Declaration of Arthur Chambers submitted in support of the opposition to the pending motion)[1] and FedEx, the defendant, opts to continue with the Arizona action where much progress has already been made toward resolution.

For these reasons, it is not a foregone conclusion, as plaintiff here suggests, that a motion for change of venue will be granted in the Arizona action. In fact, it is highly unlikely that such a motion will even be filed, as such motions, under Federal Rules of Civil Procedure Rule 12(b), are brought

---

[1] Pursuant to Federal Rules of Civil Procedure Rule 41(d), a plaintiff that dismisses an action and then commences another action based upon the same claim against the same defendant is liable for the defendant's costs incurred in the initial action.

2

REPLY OF DEFENDANT FEDEX CUSTOM CRITICAL PASSPORT AUTO TRANSPORT, INC. TO OPPOSITION OF PLAINTIFF BRADLEY GOLDSTONE TO MOTION TO DISMISS COMPLAINT OR TRANSFER ACTION
Case No. C08-01206 JSW

1  by the defendant in an action rather than the plaintiff and FedEx believes that
2  venue in Arizona is proper.
3      Hence, the appropriate step here is either to dismiss Goldstone's
4  action without prejudice for refiling in Arizona or to transfer this case to the
5  District Court in Arizona for consolidation with the Encompass action.

7  Dated: March 26, 2008        SCOPELITIS, GARVIN, LIGHT, HANSON &
8                                        FEARY, LLP

10                              By:    /s/ Kathleen C. Jeffries
11                                    Kathleen C. Jeffries
                                   Attorneys for Defendant
12                                    FEDEX CUSTOM CRITICAL
                                   PASSPORT AUTO TRANSPORT, INC.

---
3
---

REPLY OF DEFENDANT FEDEX CUSTOM CRITICAL PASSPORT AUTO TRANSPORT, INC. TO
OPPOSITION OF PLAINTIFF BRADLEY GOLDSTONE TO MOTION TO DISMISS COMPLAINT
OR TRANSFER ACTION
Case No. C08-01206 JSW

DECLARATION OF JULIE E. MAURER IN SUPPORT OF DEFENDANT FEDEX CUSTOM CRITICAL PASSPORT AUTO TRANSPORT, INC.'S REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT OR TRANSFER ACTION

I, Julie E. Maurer, declare that:

1. I am the attorney for FedEx Custom Critical Passport Auto Transport, Inc. ("FedEx") in the action filed on July 13, 2007 by Encompass Indemnity Company, Bradley Goldstone's ("Goldstone") insurer, to recover for damage allegedly suffered to a vehicle owned by Goldstone during transportation by FedEx in November 2006. That action is now pending in the United States District Court, District of Arizona, as Case No. CV07-01556-HRH.

2. The incident which caused the alleged damage occurred in Maricopa County, Arizona. As such, potential Arizona witnesses include fire department and police personnel that responded to the incident.

3. FedEx and Encompass have actively litigated the Arizona action for over eight months, during which period the parties have engaged in fact, document, witness and expert witness disclosures and have held substantial settlement discussions, with the parties now close to resolution.

4. Because much work has already been done in the Arizona action and fees and costs have been incurred in the defense of that action, FedEx opts to continue with the case here, even with the addition of Goldstone as a party, rather than moving the case to California.

5. In my opinion, beginning the process anew in California would be costly to both FedEx and Encompass.

4

REPLY OF DEFENDANT FEDEX CUSTOM CRITICAL PASSPORT AUTO TRANSPORT, INC. TO OPPOSITION OF PLAINTIFF BRADLEY GOLDSTONE TO MOTION TO DISMISS COMPLAINT OR TRANSFER ACTION
Case No. C08-01206 JSW

6. It is my understanding, based upon my discussions with Encompass' attorney here in Arizona, that Goldstone was informed of the Arizona action from the outset and recently opted not to participate.

The foregoing is within my personal knowledge and if called as a witness I could and would competently testify thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 26, 2008 at Phoenix, Arizona.

_____
Julie E. Maurer

REPLY OF DEFENDANT FEDEX CUSTOM CRITICAL PASSPORT AUTO TRANSPORT, INC. TO OPPOSITION OF PLAINTIFF BRADLEY GOLDSTONE TO MOTION TO DISMISS COMPLAINT OR TRANSFER ACTION
Case No. C08-01206 JSW

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I, **Michelle Lazo**, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 460, Pasadena, California 91101.

On, March 26, 2008, I served the foregoing document described as **REPLY OF DEFENDANT FEDEX CUSTOM CRITICAL PASSPORT AUTO TRANSPORT, INC. TO OPPOSITION OF PLAINTIFF BRADLEY GOLDSTONE TO MOTION TO DISMISS COMPLAINT OR TRANSFER ACTION** on interested parties in this action by placing a √ true copy/ the _ original thereof enclosed in a sealed envelope addressed as follows:

> Mr. Arthur Chambers
> Law Offices of Arthur Chambers
> 2095 Van Ness Avenue
> San Francisco, California 94109

√    **(BY MAIL)**  I deposited such envelope in the mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.

√    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

_    **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

√    **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 26, 2008, at Pasadena, California.

/s/ Michelle Lazo
Michelle Lazo

REPLY OF DEFENDANT FEDEX CUSTOM CRITICAL PASSPORT AUTO TRANSPORT, INC. TO OPPOSITION OF PLAINTIFF BRADLEY GOLDSTONE TO MOTION TO DISMISS COMPLAINT OR TRANSFER ACTION
Case No. C08-01206 JSW