IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRADLEY GOLDSTONE,

    Plaintiff,

v.

FEDEX CUSTOM CRITICAL PASSPORT AUTO TRANSPORT, DOES 1 through 10, inclusive,

    Defendants.

No. C 08-01206 JSW

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**

Now before the Court is the motion to dismiss, or in the alternative, to transfer this action filed by FedEx Custom Critical Passport Auto Transport, Inc. ("FedEx"). This motion is now fully briefed and ripe for decision. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for May 16, 2008 is VACATED. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS FedEx's motion to transfer this action.

**BACKGROUND**

In this action, plaintiff Bradley Goldstone ("Goldstone") seeks to recover approximately $75,000 for damage to his car incurred while his car was being transported by FedEx. The incident in which the car was damaged occurred in Maricopa County in Arizona.

Five months before Goldstone filed this action, his insurer, Encompass Indemnity Company, filed an action in Maricopa County, Arizona against FedEx to recover damages

arising out of the same incident. That action, *Encompass Indemnity Company v. FedEx Custom Critical Passport Auto Transport, Inc.*, Case No. 07-01556-HRH, is currently pending in the United States District Court for the District of Arizona ("Arizona action").

## ANALYSIS

### A. Motion to Dismiss for Failure To State A Claim.

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss are viewed with disfavor and are rarely granted. *Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986). On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

FedEx seeks dismissal of this action on the grounds that duplicate actions by an insurer and an insured arising out of the same transaction are not permissible, citing *Intri-Plex Technologies, Inc. v. Crest Group*, 499 F.3d 1048, 1055 (9th Cir. 2007). Goldstone agrees that this action should be consolidated with the Arizona action, but argues that the consolidated action should be heard in this Court. In *Intri-Plex Technologies*, the Ninth Circuit adopted the state-law rule that an insurer and insured may not bring separate actions to recover for damage to the same property. *Id*. However, the court affirmed the dismissal of the second action based in part on grounds of *res judicata*. *Id*. at 1052-53. Here, the doctrine of *res judicata* is inapplicable because there is not yet a final judgment on the merits in the Arizona action. Accordingly, the Court finds that the rule against splitting a cause of action favors consolidating the two actions, but not dismissing the action before the Court.

### B. Motion to Transfer.

Pursuant to the "first-to-file" rule, FedEx seeks to have the Court transfer this action to the District Court in Arizona where the other action is pending. Under the generally recognized

1  doctrine of federal comity, a district court may decline jurisdiction over an issue that is properly
2  before another district court. *Kerotest Manufacturing Co. V. C-O-Two Fire Equipment Co.*, 342
3  U.S. 180, 185-86 (1952). The purpose of comity is of paramount importance. *Church of*
4  *Scientology of California v. United States Department of the Army*, 611 F.2d 738, 750 (9th Cir.
5  1979). The doctrine of comity is designed to promote judicial efficiency by avoiding any
6  unnecessary burden on the federal judiciary and by avoiding duplicative or conflicting
7  judgments. *Alltrade, Inc. v. Uniweld Products, Inc*., 946 F.2d 622, 625 (9th Cir. 1991); *see also*
8  *Church of Scientology*, 611 F.2d at 750. Normally, sound judicial administration would
9  indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court
10 which first acquired jurisdiction should try the lawsuit and "no purpose would be served by
11 proceeding with a second action." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95
12 (9th Cir. 1982).

13  In this circuit, the "first-to-file" rule embodies the principles of federal comity. *Peak v.*
14 *Green Tree Financial Servicing Corp*., 2000 WL 973685 at *2 (N.D. Cal. July 7, 2000) (citing
15 *Pacesetter*, 678 F.2d at 94-95). Under this rule, a district court may transfer, stay, or dismiss an
16 action when a similar complaint has been filed in another district court. *Id.* (citing *Alltrade*, 946
17 F.2d at 623). The rule is not to be applied mechanically, "but rather it is to be applied with a
18 view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95.
19 Nevertheless, "the 'first-to-file' rule normally serves the purpose of promoting efficiency well
20 and should not be disregarded lightly." *Id*; *see also Guthy-Renker Fitness, L.L.C. v. Icon*
21 *Health & Fitness, Inc.*, 179 F.R.D. 264, 269 (C.D. Cal. 1998) ("unless compelling
22 circumstances justify departure from the rule, the first-filing party should be permitted to
23 proceed without concern about a conflicting order being issued in the later-filed action").

24  To determine whether the first-to-file rule should apply, a court must examine three
25 factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the
26 similarity of the issues. *Alltrade*, 946 F.2d at 625-26; *Pacesetter*, 678 F.2d at 95. "The
27 'sameness' requirement does not mandate that the two actions be identical, but is satisfied if
28 they are 'substantially similar.'" *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093,

1097 (N.D. Cal 2006); *see also British Telecommunications v. McDonnell Douglas Corp.*, 1993 WL 149860, *4 (N.D. Cal. May 3, 1993) (holding that the first-to-file rule does not require a strict identity of parties).

Here, it is undisputed that the Arizona Action predates the present action. Nor do the parties dispute that the two actions involve similar parties and issues. Although the insurer is the plaintiff in the Arizona action and the insured is the plaintiff in the action before this Court, the plaintiffs in both actions stand in the same position with respect to the defendant FedEx. *See British Telecommunications*, 1993 WL 149860 at *4. The Court finds that adjudicating the present action in this Court would be waste of the parties' as well as judicial resources.

As the Court noted above, Goldstone does not dispute that these two actions should be consolidated, but merely argues that these actions should be consolidated and heard by this Court. Goldstone asserts that he is located in California, the car was repaired in California, and the adjusters who evaluated the damage to the car are located in California. Therefore, he contends that the convenience of the witnesses warrants having the consolidated matter heard before this Court. FedEx counters that essential witnesses, such as fire department and police personnel who responded to the accident, are located in Arizona. *See* Declaration of Julie E. Maurer, ¶ 2. Although the Court may decline to follow the first-to-file rule, the rule "should not be disregarded lightly." *Pacesetter*, 678 F.2d at 95; *see also Guthy-Renker Fitness*, 179 F.R.D. at 269. The Ninth Circuit has identified three special circumstances in which an exception to the first-to-file rule might be warranted. *Alltrade,* 946 F.2d at 628. These are "bad faith, anticipatory suit, and forum shopping." *Id*. Goldstone has not even argued that any of these special circumstances are applicable. Accordingly, the Court finds that the first-to-follow rule should be followed here.

Having determined that the first-to-file rule applies, the question then becomes whether this Court should dismiss, transfer or stay the action. *Id*. Having considered the respective positions of the parties, the Court declines to dismiss or to stay this action. Instead, the Court finds that transferring this case to the United States District Court for the District of Arizona would best serve judicial economy and the legal interests of the parties.

4

**CONCLUSION**

For the foregoing reasons, the Court GRANTS FedEx's motion to transfer. The Court ORDERS the TRANSFER of this action to the United States District Court for the District of Arizona. The Clerk of the Court shall transfer the file forthwith.

**IT IS SO ORDERED.**

Dated: May 14, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE